

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00324-CV

| | | |
|---|---|---|
| Rueben Mendoza | § | From the 96th District Court |
| | § | of Tarrant County (96-259856-12) |
| v. | § | January 24, 2013 |
| Fiesta Mart, Inc. | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00324-CV

RUEBEN MENDOZA                                                    APPELLANT

V.

FIESTA MART, INC.                                                    APPELLEE

----------

### FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On November 19, 2012, Appellant Rueben Mendoza, acting pro se, tendered his original brief with this court. On November 20, 2012, we notified Mendoza by letter that the brief that he had tendered was defective in substance and form, and we specifically listed the ways in which the brief did not comply with the rules of appellate procedure. *See* Tex. R. App. P. 9.4(h), 38.1(b)–(i), (k). We also stated that Mendoza's failure to file an amended brief complying with the

---

[1]*See* Tex. R. App. P. 47.4.

rules on or before November 30, 2012, could result in the striking of the noncompliant brief, waiver of any nonconforming points, or dismissal of the appeal. *See* Tex. R. App. P. 38.8, 38.9(a), 42.3.

On December 3, 2012, Mendoza tendered an amended brief, which was also defective. We notified Mendoza by letter dated December 5, 2012, that his amended brief was defective in substance and form and stated that his failure to file a second amended brief that complied with the rules by December 17, 2012, could result in the striking of the noncompliant brief, waiver of any nonconforming points, or dismissal of the appeal. *See* Tex. R. App. P. 38.8, 38.9(a), 42.3. Mendoza timely tendered a second amended brief on December 17, 2012. A review of the second amended brief reveals that it is also defective in substance and form and fails to present arguments that will enable this court to decide the case. *See* Tex. R. App. P. 38.8, 38.9(a), 42.3.

Rule 38.9 provides that "substantial compliance" with the briefing rules is required. Tex. R. App. P. 38.9. If the court determines that the briefing rules have been flagrantly violated as to form, the court may require the appellant to amend, supplement, or redraw his brief. Tex. R. App. P. 38.9(a). If the appellant files another brief that does not comply, the court may strike the brief, prohibit the party from filing another, and proceed as if the party did not file a brief. *Id.*

Accordingly, because this court has informed Mendoza of the substantial defects in his brief on two occasions and has provided him two opportunities to amend his brief, and because Mendoza has failed to file an amended brief that

substantially complies with the requirements of rule 38 or that presents arguments that will enable this court to decide his appeal, we strike Mendoza's second amended brief and dismiss this appeal. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(c), 43.2(f); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  January 24, 2013